UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISCTRICT OF WEST VIRGININA

BECKLEY

UNITED STATES OF AMERICA

v.                                                          CRIMINAL ACTION NO.  5:09-00065

THOMAS BROWNING

### SENTENCING MEMORANDUM OF THOMAS BROWNING

Comes now defendent Thomas Browning, by counsel, Derrick W. Lefler and offers the following Sentencing Memorandum in anticipation of the sentencing hearing scheduled for January 12, 2010 at 9:00 a.m.

### Request for Consolidated Sentencing Hearing

Defendant Browning respectfully joins the motion previously filed by defendant Landon Cline requesting the court hold a consolidated hearing for the purpose of sentencing all defendants. Such a consolidated hearing would allow the court to address any issues germane to sentencing for all defendants and avoid the necessity of duplicative evidence.

### Offense and Relevant Conduct

Defendant Thomas Browning's plea to the offense of Conspiracy to Damage Railroad Property in violation of West Virginia Code § 61-3-28(b)(4) as a violation of 18 U.S.C. § 13 arose from the August 25, 2005 derailment of a Norfolk Southern Railway Company train on property under jurisdiction of the United States of American connected to the R.D. Bailey Damn near Baileysville in Wyoming County, West Virginia.

The charge to which defendant had plead asserted that, Thomas Browning along with other defendants conspired to engage in the theft of copper wire from along railroad tracks owned by the Norfolk Southern Railway Company. The overt acts of the conspiracy constituted damage to railroad property which violates the provisions of the West Virginia Code cited above.

In addition, as a result of the actions of the conspirators, the Norfolk Southern train was derailed, causing extensive property damage and monetary loss. The derailment and subsequent loss are recognized and acknowledged by defendant, Thomas Browning to constitute relevant conduct under the United States sentencing guidelines.

## Criminal History

Defendant acknowledges that the criminal history set forth in the PSR of a Level IV is appropriate.

## Guideline Calculation

Defendant acknowledges that the appropriate adjusted offense level prior to consideration of acceptance of responsibility is 20.

## Acceptance of Responsibility

Defendant Thomas Browning's sole substantive objection is the recommendation set forth in the presentence investigation report that he not be granted a reduction for acceptance of responsibility under USSG § 3E 1.1. Defendant Browning submits that he meets the requirements for consideration of acceptance of responsibility and should be granted reduction for such acceptance. Defendent acknowledges the artful arguments

set forth by the United States in its objections to the presentence investigation report and again in its Sentencing Memorandum.  Defendant holy concurs with the arguments and reasoning set forth by the government.

Defendent Thomas Browning would have the court note that he has readily accepted responsibility for his participation in the conspiracy by the entry of his plea. He has, in addition, acknowledged and accepted the relevant conduct of the conspiracy and all that goes with it; most significantly the increase in the offense level of 12 points under USSG § 2B1.1(b)(G), and a restitution obligation in the amount of $398,071.  To suggest that Mr. Browning has attempted to skirt his responsibility for participation in the offense in the face of his acceptance, without question or objection as to the significant impact in terms of additional incarceration and the tremendous pecuniary obligation he takes on is contrary to the practical reality of the situation.

In its response to the acceptance of responsibility issue, probation points to Application Note 3 of USSG § 3E1.1, and that portion of the note which indicates that evidence of acceptance of responsibility "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility."   USSG § 3E1.1, Application Note 3. However, as noted above, Mr. Browning's conduct has not been inconsistent with his acceptance of responsibility.   He has accepted the relevant conduct of the conspiracy and it's very real impact upon him. None of the information which Browning allegedly refused to divulge, or other allegations he has denied would increase or decrease his offense conduct or restitution obligation.

Thomas Browning will feel the full weight and impact of his offense conduct and any and all relevant conduct which could have been asserted against him as a result of the actions of him and his codefendants. He has not attempted to avoid any of that impact and has readily acknowledged and accepted it as the ill fruits of his actions. It is submitted that no more can or should be asked of a defendant in terms of accepting responsibility for criminal conduct.

## Factors under 18 U.S.C. §3553

Regarding the factors set forth in factors 18 U.S.C. 3553, defendant Thomas Browning requests the court give consideration to the following:

The nature and seriousness of the offense, including the potential threat of harm have been addressed through guideline calculations.  Defendant Browning acknowledges that he has a criminal history which may be generally viewed as a negative factor. However, such history is more than adequately accounted for by the computation of criminal history under the sentencing guidelines which will have a significant detrimental effect on defendant's guideline range.

Defendant also wishes to address the assertions set forth in the United States sentencing memoranda that he was the last defendant to plead. Defendant would take exception to this assertion in that the original indictment was defective and that with the modification of charges to appropriately reflect the law applicable to the factual circumstances involved defendant promptly entered a plea agreement on the same date as the other co-defendants.  Defendant has divulged all facts known to him and he has admitted responsibility for the offense conduct and all relevant conduct.

Among the factors set forth in subparagraph (2), the guidelines adequately account for the seriousness of the offense and a need to provide just punishment. Further, a guideline sentence and especially perhaps the restitution obligation imposed upon defendant serve as more than adequate deterrence to criminal conduct by others similarly situated in the future.

In terms of mitigating factors for the court to consider, with reference to the offense conduct and the defendant's characteristics, it is clear that the intent of the defendants in this matter was not to derail a train. The intent was to steal copper from the railroad. The placement of the I beams on the track was a horribly ill-conceived idea for the purpose of avoiding detection and furthering the primary objective. The derailment of the train, while inarguably potentially foreseeable, was an unintended consequence in the extreme. In addition, there is nothing within the probation report or the record that indicates that Thomas Browning engaged in the theft of copper as a matter of routine. Rather he was brought along on the venture by codefendant Rick Nichols and participated initially at Mr. Nichols behest.

Council submits that a sentence at the low end of the appropriate guideline range (Level 17) of 37 to 46 months would more than adequately serve the multiple goals of sentencing of retribution, rehabilitation and deterrence.

**Wherefore**, the defendant respectfully requests the court to determine the appropriate sentence for defendant to be a period of 37 months.   In the alternative, should the court determined that defendant is not entitled to acceptance of responsibility, defendant requests the court vary downward from the sentencing

5

guidelines to a sentence consistent with defendants request for sentencing at 37 months.

                                      THOMAS BROWNING, P.Q.

GIBSON, LEFLER & ASSOCIATES  
BY_____s/ Derrick W. Lefler_____  
DERRICK W. LEFLER  
Counsel for the Defendant  
1345 Mercer Street  
Princeton, WV 24740  
W.Va. Bar Id. 5785  
Phone: (304) 425-8276

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISCTRICT OF WEST VIRGININA

BECKLEY

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO.  5:09-00065

THOMAS BROWNING

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have served a true copy of the foregoing *SENTENCING MEMORANDUM OF THOMAS BROWNING* upon counsel for the United States of America , by submitting via electronic filing to said counsel as follows, on this the 30th day of December, 2009:

Thomas Ryan
Assistant United States Attorney

J. Steven Hunter
Counsel for Ricky Nichols
209 North Court Street
Lewisburg, WV  24901

Gary Collias, Esquire
Counsel for Landon Cline
P.O. Box 70007
Charleston, WV  25301

_____s/ Derrick W. Lefler_____
DERRICK W. LEFLER