UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.	CRIMINAL NO. 5:09-00065

RICKY NICHOLS

### SENTENCING MEMORANDUM OF THE DEFENDANT RICKY NICHOLS

The United States offered a Sentencing Memorandum outlining its position regarding the pre-sentence investigation report ("PSR") and sentencing for Defendant Ricky Nichols. The defendant has reviewed the same and concurs with the conclusions of the United States as to the appropriate sentencing in this matter.

**I.** ### REQUEST FOR CONSOLIDATED SENTENCING HEARING

The Government noted the "Motion Requesting A Single Joint Consolidated Sentencing Hearing For All Defendants as to Thomas Browning, Landon Cline, Ricky Nichols" filed by Defendant Landon Cline. See Docket No. 96. While the Government joined in Defendant Cline's motion and requested the Court to hold a joint sentencing hearing for all three defendants, this Defendant asserts that if the court adopts the Governments position herein and rejects the findings of the Probation Officers "PSR" then a hearing would not be required.

**II.** ### OFFENSE AND RELEVANT CONDUCT

The Defendant Nichols concurs with the Government that this case arises out of the August 28, 2005 derailment of a Norfolk Southern Railroad Company ("Norfolk Southern") train south of Baileysville, Wyoming County, West Virginia. As set forth in

the Information, Defendant Nichols pled guilty to a violation of 18 U.S.C. §371, arising out of a conspiracy to steal copper wire belonging to Norfolk Southern that was used as part of its railway

communication system. The underlying charge for the 371 conspiracy violation is the state crime for theft of railroad property, a violation of W. Va. Code §61-3-28(b)(4), which may be charged as a federal crime under the Assimilated Crimes Act, 18 U.S.C. §13, because the copper wire to be stolen was located on federal property, that is, R.D. Bailey Lake in Wyoming County.

As noted in the PSR and the Plea Agreement, the United States and Defendant Nichols are in substantial agreement regarding the facts comprising the offense of conviction. Further, although there may be factual inconsistencies among the Defendants on the respective roles in the train derailment itself, Defendant nonetheless does agree that the conduct associated with the train derailment is equally attributable to him as relevant conduct.

### III. CRIMINAL HISTORY

The Defendant now agrees with the PSR that the Defendant has a Criminal History Category Level IV.

### IV. GUIDELINE CALCULATION

The United States and Defendant agree that the advisory guideline range should be 18, before acceptance of responsibility. The PSR rejects the parties' agreement that Defendant Nichols is entitled to a two-point decrease for a minor role in the offense under USSG §3B1.2 and finds a final adjusted offense level of 20. The Defendant has objected to the same.

### V. MINOR ROLE

The Government set forth its reasoning supporting its stipulation for a minor role adjustment for Defendant Nichols in its objections to the PSR. In short, the Government could undoubtedly have placed Defendant Nichols at the derailment scene for the purpose of stealing copper wire. Further, the Government could circumstantially show that Defendant Nichols must have been involved in placing the I-Beams on the track by their size and weight. However, the Government had no direct evidence that Defendant Nichols conceived the idea to block the track

or did indeed actually participate in moving the I-Beams. Further, the Government had no evidence to refute Defendant Nichols' account, which was that Defendant Browning moved the I-Beams onto the track by himself.

The Defendant and government after discovery and protracted efforts of counsel, reached a plea agreement to avoid the time and expense of a trial. As it stands under the "PSR" the defendant would have lost nothing had he gone forward with a trial and may have been found not guilty. Nonetheless, the Government stands by its agreement and believes that the minor role adjustment is appropriate and the defendant agrees. **To reject this negotiated plea agreement and adopt the "PSR" recommendations has a "chilling effect" on this counsel to enter into future plea agreements with such a stipulation.**

## VI. ACCEPTANCE OF RESPONSIBILITY

The defendant concurs with the Governments' view on this point and adopts the same in *toto*.

Here, Defendant Nichols unequivocally admitted to the facts supporting the offense of conviction. That is, he admitted that he actively participated in, and intended to benefit from, a conspiracy to steal copper wire from Norfolk Southern situated on federal property.

As it relates to the relevant conduct, Defendant Nichols readily admits that he was present at the derailment site. He further admitted that he saw Defendant Browning place the I-Beams on the track for the purpose of blocking the track and avoiding detection and in furtherance of the copper theft conspiracy. As set forth in the PSR, the USPO determined that Defendant Nichols is not entitled to the advisory guideline reduction because of contradictions between his account and the accounts of the other defendants. See "PSR", ¶¶ 111 and 112.

The Defendant appreciates the "PSR" conclusion, but disagrees with it for the following reasons.

First, as set forth in the PSR and his Plea Agreement, Defendant has accepted all the advisory

guideline enhancements for the loss associated with the derailment as relevant conduct. Specifically, Defendant agreed to a twelve-point enhancement under USSG §2B1.1(b)(1)(G). Further, Defendant agreed to a two-point enhancement under USSG §2B1.1 (b)(13)(A) because the derailment involved the reckless risk of death or serious bodily injury to others. In other words, regardless of the inconsistencies among the factual accounts, Defendant has nonetheless agreed to a sentence as if he was wholly responsible for the train derailment as part of the underlying copper theft conspiracy.

<u>Second,</u> the Defendant timely notified the Government of his intentions to plead, thus saving the time and cost associated with preparing for trial.

<u>Third,</u> the Defendant entered into a written plea agreement, which was advantageous to the Government because it secures Defendant's cooperation in further investigation or prosecution as well as assists in avoiding the costs of a potential appeal in certain circumstances.

Based on the foregoing, the United States believed that Defendant Nichols is entitled to a two-point decrease for acceptance of responsibility and further advises the Court that Government intends to move for the "third point" under USSG §3E1.1(b) if the Court finds that Defendant is eligible for acceptance of responsibility. The defendant concurs with this position.

## VII. <u>18 U.S.C. § 3553(a) FACTORS</u>

The factors in Title 18, United States Code, Section 3553(a) counsel for a sentence that is no less than that which is provided for by the United States Sentencing Guidelines in effect at the time of Defendant Nichols's conduct. That is, the United States believes that a sentence with an advisory guideline range of 30 to 37 months based on an offense level of 15 is appropriate.

### A. 18 U.S.C. § 3553(a)(1):

The PSR succinctly describes the nature and circumstances of the offense and the relevant conduct. As it relates to Defendant Nichols, the United States noted that Defendant Nichols agreed to a plea agreement well in advance of trial (but after Defendant Cline) and further agreed to

testify in the case against Defendant Browning. His testimony would have assisted the Government's prosecution of Defendant Browning, if he had chosen not to plead.

**B. 18 U.S.C. § 3553(a)(2)(A through D)**:

The Defendant argues that a sentence within the advisory guideline range is appropriate to reflect the seriousness of the offense, provide adequate deterrence, protect the public from further crimes by defendant, and other correctional treatment in the most effective manner.

**C. 18 U.S.C. § 3553(a)(3)**:

Defendant faces a statutory maximum sentence of five years. The United States argues that a sentence that is no less than that which is provided for by the United States Sentencing Guidelines in effect at the time of Defendant's conduct is appropriate and would satisfy statutory sentencing requirements.

**D. 18 U.S.C. § 3553(a)(4):**

The Defendant submits that a sentence that is no less than that which is provided for by the United States Sentencing Guidelines in effect at the time of Defendant's conduct is appropriate in this case.

**E. 18 U.S.C. § 3553(a)(5):**

The Defendant submits that a sentence that is no less than that which is provided for by the United States Sentencing Guidelines in effect at the time of Defendant's conduct would necessarily comply with the applicable guideline policy statements.

**F. 18 U.S.C. § 3553(a)(6):**

The Defendant submits that a sentence that is no less than that which is provided for by the United States Sentencing Guidelines in effect at the time of Defendant's conduct would avoid sentencing disparities with similarly situated defendants.

In this particular case, the Defendant believes that the Court could avoid sentencing disparity by sentencing each of the Defendant's to a sentence within their respective guideline range.

### G. 18 U.S.C. § 3553(a)(7):

As set forth in Paragraph 12 of the Plea Agreement, Defendant agreed to be joint and severally liable for restitution of $398,071.00, which represents the cost incurred by Norfolk Southern as result of the Defendants' conduct. The Defendant's agreement to this sum saved the United States additional cost in proving loss amount.

WHEREFORE, for the above-cited reasons, the Defendant argues that a sentence that is no less than that which is provided for by the United States Sentencing Guidelines in effect at the time of Defendant's conduct is appropriate in this case.

### VIII. SENTENCING HEARING AND WITNESSES

If the court summarily adopts the government and defendant position there would be no need for a hearing. If not then the Defendant may or may not testify. Finally, the Government will call Norfolk Southern Special

                                                         Ricky Nichols
                                                         By Counsel

  s/ J. STEVEN HUNTER
J. Steven Hunter
Counsel for Defendant
Steve Hunter Associates, l.c.
209 North Court Street
Lewisburg, WV 24901
(304) 645-4622
West Virginia State Bar Number 1826

CERTIFICATE OF SERVICE

I, J. Steven Hunter, certify that the "SENTENCING MEMORANDUM RICKY NICHOLS" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on January 5, 2010 to:

THOMAS C. RYAN
Assistant United States Attorney
United States Attorney's Office
300 Virginia Street East, Room 4000
Charleston, WV 25301


Email: thomas.ryan@usdoj.gov


                                              s/ J. STEVEN HUNTER
                                                   J. Steven Hunter