# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:09-cr-00065

THOMAS BROWNING,
LANDON CLINE, and
RICKY NICHOLS,

        Defendants.

### SENTENCING MEMORANDUM OPINION AND ORDER

At the sentencing hearing held on Thursday, January 28, 2010, the United States and Defendants, Thomas Browning, Landon Cline, and Ricky Nichols, objected to the presentence investigation reports, contesting the lack of adjustments for acceptance of responsibility under United States Sentencing Guidelines (U.S.S.G) § 3E1.1; the United States and Defendant Nichols also objected to the lack of an adjustment for a minor role under U.S.S.G. § 3B1.2.  The Court overruled Defendants' objections and adopted the proposed findings and recommendations of the presentence reports.  The Court found and concluded Defendants' continued lack of candor; their minimization of their roles in this offense; and their failure to accept full responsibility for their actions precluded them from receiving credit for acceptance of responsibility.  This Court also denied Defendant Nichols' request for a minor role reduction, as his participation in this matter was material and essential to the offense.  This Sentencing Memorandum Opinion and Statement of

Reasons further explains and memorializes the Court's holding.  The Court reviews the evidence and makes specific findings regarding its ruling.

*I. FACTS*

On the evening of August 28, 2005, Norfolk Southern Railway Company train number U77U528 traveled from Plunkett Yard, near Oceana, West Virginia, to Elmore Yard in Mullens, West Virginia.  The train consisted of three locomotives and 150 loaded coal cars.  Present in the lead locomotive were a conductor and engineer.  The train was 6,000 feet long.  Each of the three locomotives weighed approximately 400,000 pounds, and each of the loaded coal cars weighed approximately 250,000 pounds.

Unbeknownst to the train crew, the Defendants in this case, upon suggestion of Defendant Nichols, had formulated a plan to steal copper wire from railroad signaling equipment that evening.  Defendant Cline had almost been caught stealing wire earlier by railroad track maintenance workers, and therefore suggested that the participants in this case try to avoid detection by stealing wire at a particular location where the tracks could be blocked with nearby steel I-beams.  These beams were fifteen to seventeen feet in length and weighed at least 375 pounds each.  Defendants later divided into two groups to steal copper wire at two different locations; Defendants Browning and Nichols went to the site with the steel I-beams, while Defendant Cline went with other individuals to the other location.  The proceeds from the theft were to be divided equally among the participants.  Defendant Nichols provided tools for the theft, and offered his residence as a place where the wire's plastic coating could be burned off prior to sale.

Sometime prior to 9:50 p.m. on August 28th, 2005, two of the steel I-beams were placed on railroad track approximately 230 feet past where the trains exit the Shannon Bridge, which is over

the Guyandotte River and West Virginia State Route 97.  One beam was placed across the tracks,
and a second was placed perpendicular to the tracks, elevated by the first I-beam.  This occurred at
R.D. Bailey Lake, a property owned by the United States Army Corps of Engineers.  At 9:50 p.m.,
the engineer of train number U77U528 noticed this obstruction, but was unable to stop in time to
avoid a collision.  The train began to derail, and the weight of the train pushed the locomotives and
coal cars in the direction of an abutting rock face.  Fortunately, the train stopped a few feet short of
the rock face; the train's engineer and conductor were traumatized, but suffered no physical injury.
Three locomotives and seventeen coal cars were derailed, however, including every car that was
above Route 97.  A total of $398,071 in losses arose from this incident: $189,000 in damage to rail
cars and locomotives; $20,000 in track damage; $81,000 loss of coal; $3,221 in damage to the signal
system from the wire theft; and $104,850 in emergency responder costs.

In the ensuing investigation of this case, Defendant Browning denied placing the beams on
the track, and denied any knowledge of how they got there.  Defendant Nichols denied placing the
beams on the track, and stated that it was solely Defendant Browning who placed the beams on the
track which, as noted earlier, were fifteen to seventeen feet in length and weighed at least 375
pounds each.  However, James "Kimo" Grant stated that Defendant Nichols admitted to him that
"they" put something on the track.  Defendant Cline admitted that it was his idea for Defendants
Browning and Nichols to steal copper wire from the site in question, and to block the tracks with the
I-beams.  However, he denied placing the beams on the track, and he denied any knowledge of how
they got there.  Defendant Cline did tell William Cline, however, that he "thought" that he derailed a
train.  On July 14, 2009, Defendants pled guilty to Conspiracy to Damage Railway Property, in
violation of 18 U.S.C. § 371.

## II. APPLICABLE LAW

At issue are U.S.S.G. Sections 3E1.1 and 3B1.2, which deal with offense level reductions for acceptance of responsibility and a minor role, respectively.

### A. Acceptance of Responsibility

The Sentencing Guidelines provide: "[i]f a Defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G., § 3E1.1(a)(2009). The comments to § 3E1.1 further clarify:

> "In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following: (a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). . . . However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."

U.S.S.G., § 3E1.1, (cmt. 1(a)) . The application notes to the guideline also state:

> "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) (see Application Note 1(a)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). *However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.*"

U.S.S.G. § 3E1.1, (cmt. 3) (emphasis added).

In order to earn a reduction for acceptance of responsibility, "a defendant must prove to the court by a preponderance of the evidence 'that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct.'" *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007)(quoting *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir.1996)). A guilty plea may be

4

evidence of acceptance, but "it does not, standing alone, entitle a defendant to a reduction as a matter of right. . . . A district court is not obligated to grant an unrepentant criminal a two-step reduction in return for grudgingly cooperating with authorities or merely going through the motions of contrition." *Duggar*, 485 F.3d at 239 (quoting *United States v. Harris*, 882 F.2d 902, 905-06 (4th Cir.1989)).  The Fourth Circuit has stated that "[a] defendant's decision to plead guilty and cooperate with authorities may be motivated by factors other than contrition. . . . In deciding whether a defendant is entitled to a reduction for acceptance of responsibility, a district court must necessarily weigh a multitude of factors, both objective and subjective, and make subjective determinations when called on to do so." *Harris*, 882 F.2d at 906.

Minimizing one's own involvement in a criminal enterprise has been grounds for not receiving a reduction for acceptance of responsibility.  *See United States v. Urrego-Linares*, 879 F.2d 1234, 1239-40 (4th Cir. 1989); *United States v. May*, 359 F.3d 683, 693-95 (4th Cir. 2004). The credit also has been denied based on a defendant's failure to accept the full extent of his responsibility for his participation in the offense and denial of a leadership role.  (*See United States v. Passee*, No. 97-4998, 1999 WL 55328, *3 (4th Cir. February 8, 1999)).  Elsewhere, the First Circuit affirmed a district court's denial after the former held that the Defendant, convicted on drug charges, failed to accept responsibility with candor and remorse.  *United States v. Uricoechea-Casallas*, 946 F.2d 162, 167-68 (1st Cir. 1991).

Courts of Appeals have also stated that cooperation may not be sufficient for a defendant to be granted credit for acceptance of responsibility.  In *United States v. Booker*, the Seventh Circuit admitted that the defendant in that case, who had pled guilty to possession of cocaine base with intent to distribute within 1,000 feet of a public housing facility, and to being a felon in possession

of a weapon, had "done many of the things the courts and the Guidelines expect a defendant to do in order to demonstrate that he accepts responsibility for his illegal conduct." 248 F.3d 683, 690 (7th Cir. 2001). The defendant "voluntarily gave a statement to the police shortly after his arrest, he quickly informed the Government that he wished to plead guilty, he assisted the Government by providing information as to [a co-defendant's whereabouts], and he consistently admitted his guilt from the time of his arrest to the time of his sentencing." *Id.* at 689. However, the district court denied the acceptance of responsibility credit because the defendant denied relevant conduct—crack cocaine and firearm possession—that the district court attributed to him. The Seventh Circuit affirmed, stating that the district court did not clearly err in denying the credit. *Id.* at 691.

   *B. Minor Role*

   The Sentencing Guidelines provide that "[i]f the defendant was a minor participant in any criminal activity, decrease [the offense level] by 2 levels." U.S.S.G, Guidelines Manual, § 3B1.2(b)(2009). The commentary to U.S.S.G. § 3B1.2 states that role adjustments are for defendants who are "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 (cmt. 3(A)). A defendant must prove by the preponderance of the evidence that he or she is entitled to an adjustment for a minor role. Whether a role in the offense adjustment is warranted "is to be determined not only by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable, but also by measuring each participant's individual acts and relative culpability against the elements of the offense of conviction." *United States v. Pratt*, 239 F.3d 640, 645-46 (4th Cir. 2001) (internal citations omitted). Further, "[t]he critical inquiry in determining whether a defendant is entitled to an adjustment for his role in the offense is "not just whether the defendant has done fewer bad acts than his co-defendants, but whether the defendant's

6

conduct is material or essential to committing the offense." *United States v. Dawson*, 587 F.3d 640, 646 (4th Cir. 2009) (quoting *Pratt*, 239 F.3d at 646).

*III. DISCUSSION*

*A. Ricky Nichols*

*i. Acceptance of Responsibility*

The United States and Defendant Ricky Nichols argue that Nichols should receive credit for acceptance of responsibility and for a minor role in the offense. They argue that Defendant Nichols should receive credit for acceptance of responsibility because he has admitted to the facts supporting the offense of conviction, timely notified the Government of his intent to plead guilty, and entered into a written plea agreement. Docket No. 110, at p 3-4; Docket No. 105, at p. 5-6. However, "[a] Defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1, (cmt. 3). The fact that Defendant Nichols accepted relevant offense conduct, pled guilty, and entered into a plea agreement does not require that the credit be given. The United States admitted in its sentencing memorandum that it could place Defendant Nichols at the derailment scene and that it could circumstantially show that he was involved in placing the I-beams, which, as noted previously, were fifteen to seventeen feet in length and weighed at least 375 pounds each, on the track. Docket No. 105, at p. 4. The sheer size of the beams makes it extremely unlikely that Defendant Browning would have been able to move them onto the track all by himself. These facts, along with the statement of James "Kimo" Grant that Defendant Nichols admitted that "they" put something on the track, means that it is more likely than not that Defendant Nichols is not being truthful in his claims that he had nothing to do with the I-beams and that Defendant Browning moved them all by himself. Accordingly, this Court **FINDS** that Defendant Nichols has not shown

7

by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct. Defendant Nichols is acting without candor, minimizing his participation, and failing to accept the full extent of his responsibility. The Court thus **DENIES** a reduction for acceptance of responsibility.

*ii. Minor Role*

Defendant Nichols and the Government also request that he receive credit for a minor role in this offense. Docket No. 110, at p. 2-3; Docket No. 105, at p. 3-4. However, a defendant does not merit credit for a minor role simply by minimizing his role. As the information stated earlier demonstrates, it is not more likely than not that Defendant Nichols is substantially less culpable than either Defendant Cline or Defendant Browning. Moreover, Defendant Nichols' conduct was material or essential to the offense of conviction: conspiracy to damage railway property. He deliberately entered a conspiracy, knowing of its purpose, and performed overt acts in support of the attempt to steal the copper wire. Importantly, Defendant Nichols also supplied tools to assist the copper theft, and his residence was offered for the purpose of burning the plastic off the stolen wire. Moreover, as Defendants Nichols and Browning constituted a two-person copper stealing team, it is hard for Defendant Nichols to claim that his role was minor. *See United States v. Blake*, 571 F.3d 331, 353 (4th Cir. 2009)(stating that the district court did not clearly err in denying a minor role adjustment, as the Defendant "comprised one half of an armed two-person carjacking team.") Accordingly, this Court **FINDS** that Defendant Nichols has not shown by a preponderance of the evidence that he is entitled to a two point adjustment for a minor role. His conduct was material or essential to committing the offense. The undisputed facts do not suggest that he was substantially

less culpable than the other participants.  The Court thus **DENIES** a reduction for acceptance of responsibility.

### B.  Thomas Browning

The United States and Defendant Thomas Browning argue that Browning should receive credit for acceptance of responsibility.  In support of his receiving such credit, they point out that Defendant Browning has accepted all the Guideline enhancements for the loss associated with the train derailment, notified the government of his intent to plead guilty in a timely manner, and entered into a written plea agreement.  Docket No. 108, at p. 3-4; Docket No. 103, at p. 4-5.  As noted earlier, Defendant Browning denies that he put the I-beams on the track, and claims to have no knowledge of who did.  Given that Defendant Browning was at the theft and crash site, such a statement that he has no idea how the I-beams ended up on the track is simply not credible. Browning is acting without candor, and is more likely than not minimizing his participation and failing to accept the full extent of his responsibility.  Accordingly, this Court **FINDS** that Defendant Browning has not shown by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct.  The Court thus **DENIES** a reduction for acceptance of responsibility.

### C.  Landon Cline

The United States and Defendant Landon Cline argue that Cline should receive credit for acceptance of responsibility.  It is pointed out that Defendant Cline cooperated with law enforcement even prior to a plea agreement, and that he was the first of the defendants in this case to cooperate and to plead guilty.  Docket No. 100, at p. 4; Docket No. 104, at p. 6.  It was also noted that Defendant Cline has accepted the advisory Guideline enhancements for the losses associated with

9

the train derailment, and that he entered into a written plea agreement.  Docket No. 100, at p. 5; Docket No. 104, at p. 5.  However, as it was Defendant Cline who suggested to Defendants Nichols and Browning both the site from which they should steal copper wire and that they should block the tracks with I-beams to avoid detection, it is implausible that his knowledge of this case suddenly ends at the moment that he became separated from Browning and Nichols on the evening of August 28, 2005.  It is simply not credible that he has no knowledge of who placed the I-beams on the track, given his prior counseling of Defendants Nichols and Browning.  Further, according to the presentence report, the Defendant Cline told William Cline that he "thought" he derailed a train. This latter statement actually suggests that Defendant Cline's involvement in the train wreck may be more substantial than he has indicated.

Even though Defendant Cline has "done many of the things the courts and the Guidelines expect a defendant to do in order to demonstrate that he accepts responsibility for his illegal conduct," he is not automatically entitled to a reduction for acceptance of responsibility.  *See Booker*, 248 F.3d at 690-91.  Here, his representations lack candor and attempt to minimize his knowledge and involvement.  Accordingly, this Court **FINDS** that Defendant Cline has not shown by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct.  The Court thus **DENIES** a reduction for acceptance of responsibility.

Wherefore after careful consideration of the objections and arguments made on behalf of the individual Defendants, and for the reasons stated herein and in the record of the sentencing hearing, the Court hereby **ORDERS** that Defendant Ricky Nichols be denied an adjustment pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility and for a minor role pursuant to U.S.S.G. § 3B1.2,

and that Defendants Thomas Browning and Landon Cline be denied an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Defendants and their counsel, the United States Attorney, and the United States Probation Office.

ENTER:        February 1, 2010


IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA